UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, <br><br>    Plaintiffs, <br><br> v. <br><br> WINFIELD DYCO HOLDINGS LTD, and NATCO TRADING COMPANY, INC., <br><br>    Defendants. | Civil Action No.: <br> 1:09-CV-0801-CAP |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

### Introduction

Plaintiffs TPI Holdings, Inc. ("TPI") and Dominion Enterprises ("Dominion") submit this Memorandum to explain why the Court should deny Defendants' Motion to Dismiss. For the reasons set forth below, Plaintiffs clearly have standing to maintain the claims stated in the Complaint and the Complaint more than adequately apprises Defendants of the claims asserted against them, compelling denial of Defendants' motion.

## Discussion

### A. TPI Holdings, Inc. Has Standing To Maintain This Lawsuit Because It Has Obtained A Certificate Of Authority

Defendants incorrectly argue that TPI cannot maintain this action because it has not registered to do business in the state of Georgia under O.C.G.A. § 14-2-1502.  The argument fails because this forum-closing statute does not apply to federal claims and because TPI has now registered, removing any doubt as to its ability to maintain its state law claim.

While it is highly doubtful that a holding company such as TPI is required to register with the Georgia Secretary of State, TPI has now done so.  (See Plaintiff's Request for Judicial Notice in Opposition to Motion to Dismiss ¶ 1 and Exhibit A thereto filed herewith).  This registration cures any prior impediment to TPI's maintenance of this action, and Defendants' argument to the contrary wholly ignores controlling authority on this point.  The Georgia Supreme Court has conclusively determined that failure to obtain a certificate prior to institution of a lawsuit does not render the suit void.  *Transportation Ins. Co. v. El Chico Restaurants, Inc.*, 271 Ga. 774, 524 S.E.2d 486 (Ga. 1999).  Rather, as the Court made clear, the certificate is only necessary to the continued maintenance of TPI's

claims. *Id.*[1] TPI has now obtained the certificate. Accordingly, the statute provides no basis for dismissal of TPI's claims.

Moreover, the registration was wholly unnecessary to TPI's maintenance of its federal claims. *Kinetic Concepts, Inc. v. Kinetic Concepts, Inc.*, 601 F.Supp. 496 (N.D. Ga. 1985). Defendants have selectively cited only a portion of *Kinetics* to argue, without basis, that it applies only to claims over which the federal courts have exclusive jurisdiction. Contrary to Defendants' assertion, the *Kinetics* Court determined that exclusivity of jurisdiction provided "additional support" for its holding that a certificate to transact business was not a prerequisite to maintaining federal claims. Prior to making that determination, the Court concluded as follows:

> There is substantial merit in Kinetic's position that the state forum-closing statute does not prohibit the maintenance of a federal cause of action in federal court. The United States Supreme Court has held … the doctrine of [*Erie Railroad*] requires that where a plaintiff in federal court in a diversity case would be barred from bringing the action in state court, the federal court is likewise barred from hearing the case …. This case, obviously does not apply to claims arising under federal law. Leading commentators concur with this rule. 'If

---

[1] The Georgia statute was amended in 1988, as discussed in *El Chico*, to delete language that required a certificate to be obtained "before commencement of the action." 271 Ga. At 775-776. Therefore, any earlier cases holding that a post-complaint certification was ineffective have been legislatively and judicially overruled.

- 3 -

> subject matter jurisdiction is not based upon diversity of citizenship, the federal court need not apply forum state restrictions on a corporation's ability to sue. This court concludes that with respect to plaintiff Kinetic Concept's federal law claims, Georgia's forum-closing statute does not apply.

*Id*. At 499 (citations omitted).

Thus, TPI has always had standing to assert the federal claims and now unquestionably also has standing to assert its breach of contract claim. This Court should, therefore, deny Defendants' motion to dismiss based on the standing of TPI.

**B.** **Dominion Enterprises Has Standing To Maintain This Lawsuit Without A Certificate Of Authority.**

The statute respecting qualification on which Defendants rely expressly applies only to corporations and therefore has no applicability to Dominion, a partnership organized under the laws of Virginia. (Complaint ¶ 6). Defendants have not cited any authority whatsoever and indeed, there is none, that would require a general partnership to register either with the Virginia Secretary of Commonwealth or with the Georgia Secretary of State in order to maintain this action. Accordingly, the Court should reject Defendants' argument based on O.C.G.A. § 14-2-1502 in its entirety.

## C. The Complaint Is Sufficiently Pled and Need Not Distinguish Between the Defendants.

Defendants' contention that the Complaint inadequately distinguishes between the two of them is nonsense. The Defendants effectively have acted as one and the same, and the Complaint adequately apprises them of the claims asserted against both of them.

First, Defendants have not distinguished between themselves and have employed the same facilities and officers, as shown by the following:

    1)    The Settlement Agreement, negotiated by both Defendants and to which both Defendants are parties, treats the two together, stating in the opening paragraph:

> This Agreement is made and entered into … between … and (2) Winfield Dyco Holdings Ltd. and Natco Trading Company, Inc. (collectively "Winfield").

(Complaint Ex. C at 1, opening paragraph). Nowhere does the Agreement draw any distinction between the two Defendants in terms of their obligations and undertakings, referring to them collectively throughout as "Winfield." Indeed, under the Agreement, Defendants agreed that they both were the registrant of the domain names at issue, they both were prohibited from certain acts, and they both could use the domain names in a phase-out, agreeing:

- 5 -

a) "Winfield is the registrant of the domain names …" (Complaint Ex. C at p. 1, 2nd Recital);

b) "Winfield shall not … make any trademark use …" (Complaint Ex. C at p. 3, ¶ 5); and

c) "Winfield shall be allowed to continue using the domain names …" in specified ways during the phase-out period (Complaint Ex. C at p. 3, at ¶ 7).

2) The two Defendants share the same Managing Director, as shown by the signatures on the Settlement Agreement.

WINFIELD DYCO HOLDINGS LTD
By: _____
Its: MANAGING DIRECTOR

NATCO TRADING COMPANY, INC.
By: _____
Its: MANAGING DIRECTOR

(Complaint Ex. C at p. 7).[2]

---

[2] The two entities have other overlapping officers: Jason Paul Freisen is President of Natco Trading Company Inc. and Sales Manager for Winfield Dyco Holdings

- 6 -

    3)      The two Defendants share the same operational address:

> 9250 Highway 97
> Winfield, British Columbia V4Y1P9
> Canada

(Complaint at ¶¶ 7-8); and

    4)      The two Defendants share the same registered address:

> 3rd Floor
> 1665 Ellis Street
> Kelowna, British Columbia, V1Y 2B3
> Canada.

(Complaint Ex. C at Ex. C thereto, p. 1).

Defendants' intertwined operations and references to themselves as one preclude their contention that Plaintiffs should be required to distinguish between them in the Complaint.

Furthermore, case law does not support Defendants' position. Defendants argue that a complaint must "contain allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory," Def. Br. at 5, citing *Financial Securities Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). *Stephens*, however, addressed whether the Plaintiff was a purchaser or seller of securities so as to have standing to assert federal securities

---

Ltd. for Voyager RV. See Return of Service of Process, Statement of Deputy Sheriff Andrew D. Hodge to the Ministry of Attorney General of British Columbia, dated August 6, 2009, filed herewith.

fraud claims.  Nowhere did it suggest that a Complaint must explicitly differentiate among various Defendants, particularly under circumstances, such as present here, where the Defendants appear fairly indistinguishable.

Defendants' citation of *Mahmud v. Oberman*, 508 F. Supp. 2d 1294, 1298 (N.D. Ga. 2007) is likewise misplaced.  As in *Stephens*, the *Mahmud* court did not engage in any discussion of whether the complaint was improper because it failed to separate the defendants' actions.  Rather, the statement to which Defendants refer, set forth fully, is as follows: "To survive a motion to dismiss, a complaint need not contain detailed factual allegations, but must give the defendant fair notice of what the claim is and the grounds upon which it rests. . . . Ultimately, the complaint is required to contain only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1298.  The Complaint in this case clearly does so.

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Here the Complaint sets forth in detail the facts that:

a) both Plaintiffs, together with their predecessors, licensees, and affiliates[3] have, over the course of more than 30 years, built substantial common law rights in a TRADER family of marks (Complaint ¶ 10-15);

b) Defendants have used certain specified TRADER marks in connection with websites (Complaint ¶¶ 16-18);

c) Defendants entered a settlement agreement under which they acknowledged that the TRADER Marks belong exclusively to the Plaintiffs (Settlement Agreement ¶2 – Complaint Ex. C at 2) and agreed not to use them except as expressly permitted (Complaint ¶¶ 20-22, and Ex. C);

d) Defendants nevertheless breached the Settlement Agreement by using TRADER Marks in impermissible ways (Complaint ¶¶ 24-28); and

e) having breached the Settlement Agreement, Defendants have also infringed Plaintiff's trademark rights (Complaint ¶ 31).

Based on these facts, the Complaint sets forth one count of breach of contract (Count I) and three counts of violations of the Lanham Act (Counts II-IV). The Complaint sufficiently apprises Defendants of the claims against them.

---

[3] Due to the length of time involved, different entities have had different roles in the use and maintenance of the TRADER marks. Accordingly, Plaintiffs stated in the Complaint that "TPI, Dominion, and their predecessors, licensees, and affiliates are collectively hereinafter referred to as "TPI" or "Plaintiffs." (Complaint ¶ 6).

In addition, another court within this circuit recently addressed the issue presented by Defendants' motion, and its ruling is instructive here. *See Sales v. All Florida Dialysis Services, Inc.*, No. 07-80397-CIV, 2007 WL 3231723 (S.D. Fla. Oct. 30, 2007). Like Defendants here, the *Sales* defendants claimed that they could not "fairly and accurately admit or deny the allegations contained in the complaint, because they [could not] differentiate the claims and allegations being made against them," *id.* at *1, and that "the differences between the two Defendants forces Defendants to admit liability not pertaining to a particular Defendant." *Id.* at *2. The court gave short shrift to the contention, holding there was "no ground for dismissal" and stating "nothing in [Rule 10 of the Federal Rules of Civil Procedure] prohibits lodging the same allegations against multiple Defendants, if applicable." *Id.* As the Court explained,

> [t]here is no reason that each Defendant cannot separately deny or admit in an answer each allegation as it [] applies to that Defendant. Indeed, if different responses to specific allegations in the Complaint are warranted, Defendants should simply provide different responses.

*Id. See also Coexist, LLP v. Cafepress.com*, No. 1:05-CV-0673 RLY/WTL, 2006 WL 120183, at *2 (S.D. Ind. Jan. 17, 2006) (partially denying motion to dismiss in trademark infringement case; stating, "[i]n support of its Motion to Dismiss, Cafepress argues that the complaint is insufficiently specific because it refers to

- 10 -

Defendants collectively throughout, instead of specifying which Defendant is accused of what.  That lack of specificity is not fatal to Coexist's claim; rather, a reasonable inference in favor of Coexist is that the complaint accuses multiple Defendants of similar acts.").  It is likewise in this case.

Here, the Complaint refers to Defendants collectively because they acted in concert with one another to perpetrate the infringing acts in violation of Plaintiffs' rights.  At this early stage of the proceedings, Plaintiffs do not yet know which of the two Defendants *physically* performed each of their multiple infringing actions.  What is clear, however, particularly in light of the Defendants' shared offices and managing agents, is that the two entities worked together both to infringe Plaintiffs' rights and to breach their contract; it is therefore of no consequence which of the two Defendants engaged in which misconduct, as both Defendants would be equally liable for *every* infringing action included in the Complaint.  The details of Defendants' collaboration will be revealed through the parties' discovery.  In the meantime, if either Defendant believes that a paragraph of the Complaint is wholly inapplicable to its conduct, it is free to deny that paragraph in its Answer, as the *Sales* court explained.

Consequently, the Court should deny Defendants' motion to dismiss on the basis of lack of differentiation between the admittedly related Defendants.

### D. Dominion Has Standing to Sue For Trademark Infringement.

#### 1. Dominion Has Standing Under Section 1114.

TPI and Dominion are affiliates, and Dominion is the exclusive licensee of certain marks owned by TPI.[4]  Under § 1127 of the Lanham Act, the definition of "registrant" includes "the legal representatives, predecessors, successors and assigns of [the] registrant," and exclusive licensees have been held in certain circumstances to have a sufficient property interest as an "assign" of the registrant so as to confer standing under § 1114.  *See, e.g., Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-CV-1790-T-27EAJ, 2006 WL 3755328, at *6 (M.D. Fla. Nov. 15, 2006). (exclusive licensee had a "property interest" in the trademark at issue, and thus "standing to enforce the [trademark] against Defendants.")

Furthermore, TPI, the holding company that is the record owner of the trademarks, is a party to this action.  Dominion – the operating entity -- is not suing for infringement *in place of* TPI, but rather is seeking redress for infringement *together with* its affiliate and licensor TPI.  Indeed, Defendants acknowledged in the Settlement Agreement Dominion's ownership interest in the TRADER

---

[4] Dominion's exclusivity may reasonably be inferred from the allegation of its authorization and from its being joined with Registrant TPI, which would not allow joinder had it not authorized Dominion to seek legal redress for infringement.

- 12 -

registrations and marks.[5]  Thus, Dominion has a sufficient interest to assert a claim under § 1114, and in any event, TPI's undisputed ownership interest allows the maintenance of the claim.

### 2. Dominion Has Standing Under Section 1125.

It is well-established that a party need not be the owner of a trademark to bring a trademark infringement action under § 1125 of the Lanham Act, as even Defendants recognize.  The statute clearly states a person who violates it "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged…"  Nevertheless, Defendants make the absurd contention that Dominion, the operating company that is licensed to use certain of the marks and that, together with its predecessors has built rights in the TRADER family through 30 years of use (Complaint ¶¶ 10-15), does not have standing to enforce its rights under § 1125.

Dominion is the exclusive licensee of certain of the trademarks at issue and is the owner of certain of the domain names at issue.  (Complaint ¶ 6).  Any harm

---

[5] The Agreement defines TPI Holdings to include both TPI Holdings, Inc. and Dominion Enterprises (Complaint Ex. C at p. 1, opening paragraph), and provides both that "TPI Holdings is the owner of the trademark registrations listed in Exhibit A" (Complaint Ex. C at p. 1, 1st Recital) and that "Winfield acknowledges TPI Holdings' exclusive ownership of the TRADER Marks" (Complaint Ex. C at p. 2, ¶ 2).  Defendants should not be permitted to disavow their prior acknowledgements.


to any of the TRADER family of marks harms the strength of Dominion's rights. Accordingly, any infringing use of the marks at issue necessarily damages Dominion and satisfies the standing requirements of § 1125. *See Unique Sports Prods., Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1324-25 (N.D. Ga. 2007) (finding exclusive licensee has standing under § 1125(a); stating, "Plaintiff is likely to be damaged by defendant's actions. . . . Nothing more is required to assert a claim under § 43(a)(1)(A) of the Lanham Act."); *Hako-Med USA, Inc.*, 2006 WL 3755328, at *6 ("As long as a plaintiff can show . . . that it has a 'commercial interest' to protect, section 43(a) allows suit by any person who believes that he or she is likely to be damaged by a prohibited act.") (internal citation omitted); *Bus. Trends Analysts v. Freedonia Group, Inc.*, 650 F. Supp. 1452, 1457-58 (S.D.N.Y. 1987) (denying motion to dismiss, holding exclusive licensee to have standing to pursue trademark infringement claims under § 43(a) and the common law).

Interestingly, according to the case cited by the Defendants,

> [w]here the defendants have not filed an answer to the complaint as in the instant case, the attack on subject matter jurisdiction is necessarily considered a facial attack. Under such an attack, the court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. . . . Dismissal for a facial challenge is proper only when the

> claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.

*Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 593 (D. Del. 2004) (internal citation omitted) (denying defendant's motion to dismiss on standing grounds).

Considering that all of Plaintiffs' allegations should be accepted as true and all reasonable inferences should be drawn in its favor, combined with the fact that Dominion is the exclusive licensee of TPI's trademarks, dismissal of Dominion's federal claims is improper.

## **Conclusion**

Defendants' motion is nothing more than a delay tactic. Regardless of whether TPI could assert the state law claim without a certificate in Georgia (and Plaintiffs submit that it could), under controlling authority, it has always been entitled to assert the federal claims in the Complaint. And without question, as a party to the Settlement Agreement and a partnership that is not required to obtain a certificate of authority under Georgia law, Dominion has always been entitled to assert the breach of contract claim, and as addressed above, has a cognizable interest to assert the federal claims. Moreover, the Complaint sets forth more than adequate facts to apprise Defendants fully of the claims against them, and there is no basis for the contention that a plaintiff must distinguish between defendants

when they themselves do not do so.  The arguments raised by Defendants are thus without merit and do not require oral argument for elucidation.  Accordingly, the Court should deny Defendants' motion to dismiss,[6] without ordering oral argument.

Respectfully submitted, this 1 day of September, 2009.

    /s/ Judith A. Powell
Judith A. Powell
Georgia Bar No. 586125
KILPATRICK STOCKTON LLP
1100 Peachtree Street,    Suite 2800
Atlanta, Georgia  30309
(404) 815-6500  (telephone)
(404) 815-6555  (facsimile)

*Attorney for Plaintiffs*

---

[6] Alternatively, if the Court does conclude that some aspect of the Complaint requires more to provide a "short and plain" statement, the Court should grant Plaintiffs leave to amend rather than dismissing any portion of the Complaint.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 1:09-CV-0801 |
| WINFIELD DYCO HOLDINGS LTD, and NATCO TRADING COMPANY, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the attached pleading complies with the font and point selections prescribed by Local Rule 5.1C and uses 14 point Times New Roman Font.

    /s/ Judith A. Powell
Judith A. Powell

- 17 -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, <br><br> Plaintiffs, <br><br> v. <br><br> WINFIELD DYCO HOLDINGS LTD, and NATCO TRADING COMPANY, INC., <br><br> Defendants. | Civil Action No.: 1:09-CV-0801 |

## CERTIFICATE OF SERVICE

This is to certify that on September 1, 2009, I have served a true and correct copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

      Karl S. Kronenberger
      150 Post Street, Suite 520
      San Francisco, CA  94108

                             /s/ Judith A. Powell
                             Judith A. Powell