UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 1:09-CV-0801-CAP |
| WINFIELD DYCO HOLDINGS LTD, and NATCO TRADING COMPANY, INC., | ) ) ) ) | |
| Defendants. | ) | |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 et. seq. (1994), cybersquatting arising under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and breach of contract. Plaintiffs seek injunctive relief under 15 U.S.C. §§ 1116 actual damages, disgorgement of Defendants' profits, statutory damages under 15 U.S.C. § 1117, and attorneys' fees.

Defendants have filed a counter-claim against Plaintiffs, alleging that Plaintiffs committed fraud on the United States Patent and Trademark Office and

1

committed violations of the Sherman Antitrust Act, 15 U.S.C. §§1, *et seq*. Plaintiffs have filed a Motion to Dismiss Counts I and II of the Counterclaim.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiffs own a number of federal trademark registrations for trademarks incorporating the term "TRADER", coupled with a vehicle term, including RV TRADER, RV TRADERONLINE.COM, OLD CAR TRADER, and AERO TRADER (collectively, the "TRADER Marks"). Since the 1970's, Plaintiffs, together with their predecessors and affiliates, have used the TRADER Marks in connection with nationally-distributed print publications offering classified advertising and information respecting different types of vehicles. Since the mid-1990's, Plaintiffs have also offered their classified advertising services online under the TRADER Marks, using various domain names consisting of TRADER coupled with other terms.

Defendants compete with Plaintiffs in the business of offering classified advertising for various types of vehicles. Defendants registered approximately 130 domain names that included TRADER coupled with a vehicle term, and began operating websites under them that competed directly with Plaintiffs.

In July, 2006, TPI Holdings and its then affiliate Trader Publishing Company (Dominion's predecessor in interest) filed Civil Action No. 1:06-CV-

2

1600 in this District Court against Defendants for, *inter alia*, trademark infringement, unfair competition, and cybersquatting (the "Underlying Lawsuit").

By agreement entered March 17, 2008 (the "Agreement") the parties settled the Underlying Lawsuit. Under the Agreement, Defendants agreed, among other things:

    a)    to transfer all the domain names at issue to TPI Holdings; and

    b)    not to make any trademark use of any name, mark, or domain name that i) incorporates TRADER and any term for a vehicle, or ii) consists of or is confusingly similar to any of TPI's TRADER Marks, except as expressly permitted in the Agreement.

The Agreement allowed Defendants to continue certain use of three of the domain names, i.e. rvtrader.com, airplanetrader.com, and oldcartrader.com during a two-year phase-out period. In the second year, Defendants were required to:

    a)    cease using TRADER as a mark on the three websites; and

    b)    install at each of those three domain names splash directional pages displaying links to both Plaintiffs' and Defendants' sites substantially in the form set forth in the Agreement.

Plaintiffs contend Defendants have materially breached the Agreement in a number of ways and that their use of Plaintiffs' marks, both before the Settlement

Agreement and since March 17, 2009, constitutes trademark infringement, unfair competition, and cybersquatting.  Defendants deny Plaintiffs' claims.

(c) The legal issues to be tried are as follows:

1.  Whether Defendants have breached the Settlement Agreement;

2.  Whether Defendants' use of the TRADER-formative domain names and marks are likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' websites or services by Plaintiffs;

3.  Whether Defendants' actions constitute an intentional, willful, or bad faith intent to trade on Plaintiffs' goodwill in violation of 15 U.S.C. § 1125(a);

4.  Whether Defendants are liable for cyberpiracy in violation of 15 U.S.C. §1125(d);

5.  Whether Plaintiffs are entitled to recover a disgorgement of Defendants' profits, statutory damages, and/or actual damages and the amount of such recovery;

6.  Whether Plaintiffs are entitled to injunctive relief;

8.  Whether Plaintiffs are entitled to recover their attorneys' fees;

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  None

(2) Previously Adjudicated Related Cases:   <u>TPI Holdings, Inc., et al. v. Winfield Dyco Holdings, Inc, et al.</u>, United States District Court for the Northern District of Georgia, Civil Action No. 1:06-CV-1600.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

   _____ (1) Unusually large number of parties
   _____ (2) Unusually large number of claims or defenses
   _____ (3) Factual issues are exceptionally complex
   _____ (4) Greater than normal volume of evidence
   _____ (5) Extended discovery period is needed
   _____ (6) Problems locating or preserving evidence
   _____ (7) Pending parallel investigations or action by government
   _____ (8) Multiple use of experts
   _____ (9) Need for discovery outside United States boundaries
   _____ (10) Existence of highly technical issues and proof

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

 Plaintiffs: Judith A. Powell
    KILPATRICK STOCKTON LLP
    Suite 2800
    1100 Peachtree Street
    Atlanta, GA  30309
    (404) 815-6500 (phone)
    (404) 815-6555 (fax)
    jpowell@KilpatrickStockton.com

 Defendant: Karl S. Kronenberger
    KRONENBERGER BURGOYNE, LLP
    150 Post Street, Suite 520
    San Francisco, CA  94108
    (415) 955-1155, x-114
    (415) 955-1158  Fax

karl@KBInternetLaw.com

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes       __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claims(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:  None.

(b) The following persons are improperly joined as parties:  None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name:  None.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

6

Plaintiffs amended the Complaint on November 2, 2009, in accordance with the Court's October 29, 2009, Order. Defendants filed their Answer and Counterclaim November 20, 2009.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

On December 14, 2009, Plaintiffs filed a Motion to Dismiss Counts I and II of Defendants' Counterclaim.

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* The parties request that the deadline for summary judgment motions be twenty (20) days after the close of discovery. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties do not object to the service of disclosures under Fed.R.Civ.P. 26.

Initial disclosures will be served by December 21, 2009.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

At this time, the parties do not request a scheduling conference.

**10.   Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case is assigned to the four-month discovery track.  Defendants have filed a counter-claim alleging a violation of the Sherman Antitrust Act, 15 U.S.C. §§1 et seq.  Defendants maintain that the addition of this counter-claim will result in an assignment of this case to the eight-month discovery track.  Plaintiffs disagree.

Please state below the subjects on which discovery may be needed:

8

Discovery likely will be needed on Defendants' adoption and use of the domain names and marks at issue, facts bearing on Defendants' intent, actual confusion, Defendants' marketing, Defendants' revenues and profits, and facts respecting Defendants' actions that constitute an alleged breach of contract.

Defendants intend to conduct discovery on Plaintiffs' adoption and use of their purported TRADER marks and Plaintiffs' communications and transactions with third parties regarding the use of the TRADER marks and derivative marks.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Not applicable.

**11.    Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Production of Electronically Stored Information.  The parties shall produce electronically stored information ("ESI") as single-page TIFF images with associated information, including metadata as described below, in an Opticon and Concordance load file that shall include: (1) Begin Bates, (2) End Bates, (3) Begin Attachment, (4) End Attachment, (5) Custodian, and (6) Level of confidentiality, if any (e.g., "Attorney's Eyes Only").  ESI not reasonably useable as single-page TIFF images, or that reasonably require viewing in their native format for a full understanding of their content and meaning such as audiovisual data, and Excel or other spreadsheets, shall be produced in native format, and TIFF with all metadata intact.

In addition, the parties shall produce at least the following metadata concerning emails: (1) Date Sent, (2) To, (3) From, (4) CC, (5) BCC, (6) Subject, and (7) Full Text.  For all other ESI, the parties shall produce at least the following metadata: (1) File Name, (2) Date Last Modified, and (3) Full Text.

Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF images with metadata, if such data are not reasonably useable.  The party receiving the request to produce in native format shall have seven (7) court days from such request to object to production in native format.  If an objection is asserted, the party requesting the production in native format must apply for relief to the Court.  The requesting party's obligation to move for a Court order does not affect any burden of the party receiving the request to show good cause to resist discovery of electronically stored information.

A party that has produced, prior to the applicable discovery cutoff date, ESI as black-and-white single-page TIFF images may produce such ESI as color single-page TIFF images, at any time prior to the date the parties submit their joint exhibit list to the Court in this action in accordance with the applicable rules and Court order(s), as reasonably necessary for trial or motion practice.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs and Defendants believe a Confidentiality and Protective Order under Rule 26(c) is appropriate.  Plaintiffs will provide Defendants with a proposed form of such an order, and the parties will then confer, which may result in the parties jointly filing a proposed protective order.

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 21, 2009, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:  Lead counsel (signature):  /s/Judith A. Powell

   Other participants:

For Defendant: Lead counsel (signature):  /s/Karl S. Kronenberger

   Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   ( X ) A possibility of settlement before discovery.
   (   ) A possibility of settlement after discovery.
   (   ) A possibility of settlement, but a conference with the judge is needed.
   (   ) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this point in time.

The parties have exchanged settlement offers but negotiations have not been successful.

(d) The following specific problems have created a hindrance to settlement of this case.

   None.

**14.   Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)  The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 17th day of December, 2009.


| /s/Judith A. Powell | /s/ Karl S. Kronenberger |
|---|---|
| Judith A. Powell | |
| Ga. Bar No. 586125 | Karl S. Kronenberger |
| Sara Maurer | 150 Post Street, Suite 520 |
| Ga. Bar No. 159056 | San Francisco, CA  94108 |
| | |
| KILPATRICK STOCKTON, LLP | Counsel for Defendants |
| 1100 Peachtree Street, Suite 2800 | Winfield Dyco Holdings Ltd. and |
| Atlanta, Georgia 30309 | Natco Trading Company, Inc. |
| (404) 815-6500   phone | |
| (404) 815-6555   facsimile | |

Counsel for Plaintiffs
TPI Holdings, Inc. and Dominion Enterprises

US2008 889480.3

# **SCHEDULING ORDER**

      Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:
```
Daubert motions with regard to expert testimony shall be filed no
later than 30 days after the close of discovery.
```

      IT IS SO ORDERED, this <u>18th</u> day of <u>December</u>, 2009.

                                      <u>/s/Charles A. Pannell, Jr.</u>
                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WINFIELD DYCO HOLDINGS LTD, )<br>and NATCO TRADING COMPANY, )<br>INC., )<br>)<br>Defendants. ) | Civil Action No.:<br>1:09-CV-0801-CAP |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the attached pleading complies with the font and point selections prescribed by Local Rule 5.1C and uses 14 point Times New Roman Font.

  /s/ Judith A. Powell
Judith A. Powell

US2008 889480.3